**F.G. ARMSTRONG, Allen E. Greer, and E.W. Jiles, as Trustee of the E.W. Jiles Trust, Appellants,**

v.

**William E. KAKISH, Appellee,**

and

**Bank of Oklahoma, N.A., a national banking association, Plaintiff,**

and

**Detria J. Jones, Administratrix of the Estate of Charles E. Jones, Defendant.**

No. 78,712.

Court of Appeals of Oklahoma, Division No. 1.

May 11, 1993.

Rehearing Denied June 22, 1993.

Appeal from the District Court of Oklahoma County, John M. Amick, Judge.

W. Samuel Dykeman, William S. Dykeman, David B. Dykeman, Dykeman, Williamson & Williamson, Inc., Oklahoma City, for appellants.

James U. White, Jr., James W. Morris, III, White, Coffey, Galt & Fite, P.C., Oklahoma City, for appellee.

**MEMORANDUM OPINION**

GARRETT, Judge:

This appeal arises from the order of the trial court overruling the motion for new trial filed by Appellants, F.G. Armstrong (Armstrong), Allen E. Greer (Greer) and E.W. Jiles (Jiles), as Trustee of the E.W. Jiles Trust (collectively, Appellants). The order upheld the judgment sustaining the

**598**

Motion To Vacate Levy of Execution and Determine Validity of Execution, Priorities Among Collateral and Equities Among Co–Obligors filed by Appellee William E. Kakish (Kakish).

Appellants and Appellees were co-makers on a promissory note given to Bank of Oklahoma (BOK). BOK sued for non-payment of the note and to foreclose on the collateral pledged as security. On July 8, 1988, BOK was granted summary judgment against Appellants and Appellee, jointly and severally, in the amount of $1,678,860.00. On or about September 30, 1988, Armstrong, Greer and Jiles paid $1,400,000.00 to BOK, purportedly in satisfaction of the judgment,[1] which BOK assigned to Appellants. In an order by the trial court, dated October 14, 1988, but filed December 16, 1988, Appellants were substituted as real parties in interest. Kakish appealed the trial court's judgment on November 8, 1988. The Court of Appeals, Division 4, affirmed the judgment of the trial court, in Case Number 72,028, on September 18, 1990, in an unpublished opinion.

Appellants attempted to levy execution against the collateral, and Kakish filed the motion to vacate, contending the judgment was extinguished when Appellants paid BOK $1,400,000.00. In a letter order filed with the district court on September 27, 1991, and mailed to the parties, the trial court vacated the execution and held that Appellants were left to pursue their equitable remedies against Kakish. The court relied upon *Martin v. North American Car Corp.*, 168 Okl. 599, 35 P.2d 460 (1934), which held that "[p]ayment of a judgment by one primarily liable is an absolute satisfaction, though the judgment is assigned to him." 35 P.2d at 462. This appeal followed.

The propositions of error raised by Appellants are:

1. The doctrines of "law of the case" and "res judicata" bar Kakish from attacking Appellants' judgment post-mandate; and

2. The judgment was not extinguished upon assignment of it to Appellants.

■ Appellants contend first that the trial court's order of substitution and the viability of the judgment with Armstrong, Greer and Jiles in that posture was impliedly affirmed upon the issuance of the mandate in the earlier appeal. They contend that although Kakish was cognizant that Appellants had been substituted as plaintiffs post-judgment, he never raised the issue in the first appeal. They contend that the effect of this appellate inaction with respect to the judgment with Appellants as substitute plaintiffs is that the order of substitution making Appellants the "real judgment creditors in interest" became the settled law of the case and was res judicata. They contend the issue of whether the assignment could have caused an extinguishment of the judgment was never taken up by the appellate court; therefore, the trial court's order allowing the substitution of Appellants as judgment creditors on the judgment was implicitly affirmed. Further, Appellants contend that upon issuance of the mandate, the trial court was bound to recognize Appellants as the judgment creditors as to this judgment, and Kakish was barred by the doctrines of "the settled law of the case" and "res judicata" from attacking the judgment as it ran to Appellants.

This argument is not well taken. Although October 14, 1988, is recited as the date of the order, it was not filed until December 16, 1988, and was not part of the trial court's record at the time the appeal in 72,028 was filed, on November 8, 1988. The appearance docket from the trial court shows an entry on November 4, 1988, as: "ENT: MOT TO SUBST PARTIES SUSTAINED AMICK", but the appellate record does not contain an order of that date. We hold Appellee is not estopped to raise the issue in this appeal under either the doctrine of law of the case or res judicata.

■ Moreover, whether the order substituting Appellants as real parties in interest

---

1. The settlement agreement between BOK and Appellants, although designated as an exhibit, was not filed with the district court and is not included in the appellate record.

was or should have been raised in the prior appeal, or whether the substitution order was effective, is irrelevant if payment of the judgment extinguished it and the assignment of the judgment is therefore invalid. Thus, our first inquiry is whether the judgment remained viable after payment by Appellants to BOK.

Appellants contend that *Martin v. North American Car Corp.*, supra, is distinguishable from the instant case. In *Martin,* the money which paid the judgment was supplied by a judgment debtor, although it was paid through a stranger to the lawsuit who received an assignment of the judgment. The Supreme Court's Syllabus is:

> A judgment is extinguished when it is paid by one who is primarily liable for its satisfaction, and it cannot, after such payment, be kept alive by assignment to a third person.

The Supreme Court in *Martin* cited cases from other jurisdictions with similar holdings, some which include reference to a third person, and some which do not. Naturally, the *Martin* Court's holding would include reference to a third person because this case addressed this issue. However, we do not construe *Martin* so narrowly that it requires this Court to hold that a judgment *paid in full by a judgment debtor* remains viable if it is assigned to another judgment debtor, as opposed to a third person. The Supreme Court stated, 35 P.2d at page 463:

> The more stable and orderly procedure requires that when a judgment is paid in full by one under legal obligation to pay it, it should be extinguished, and should lose its force and effect as a lien against the property.

Although the settlement agreement with BOK is not a part of the appellate record, Greer and Jiles testified that they considered their agreement with the bank and their payment of $1,400,000.00 to be in complete and full satisfaction of the judgment. We hold that upon payment to BOK, the judgment ceased to exist. This holding does not in any way prevent Appellants from pursuing the equitable remedy of contribution against Appellee, which, according to the briefs of the parties, is pending in another case.

Appellee moved to strike the reply brief filed by Appellant because: (1) it attempted to raise an issue not previously addressed to the trial court or argued in their brief-in-chief, and (2) it attempted to supplement the record by improperly appending an exhibit not included in the designation of record by either Appellants or Appellees. The motion to strike is granted.

The trial court correctly found the judgment was extinguished when Appellants paid BOK $1,400,000.00 in full and complete satisfaction thereof. The court properly overruled the motion for new trial.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.